# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

VICTORIA COLLINS

VERSUS

SHELTER GENERAL INSURANCE
COMPANY, BED ROCK SERVICES,
LLC AND RONALD SCOTT

---

In Re:    Shelter General Insurance Company, Bed Rock Services, LLC and Ronald Scott, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 202213553.

---

**BEFORE:   McCLENDON, HESTER, MILLER, JJ.**

**WRIT GRANTED.** The district court's February 20, 2024 judgment denying the motion for summary judgment filed by defendants, Shelter General Insurance Company, Bed Rock Services, LLC, and Ronald Scott, is reversed. Plaintiff admitted in her deposition that she saw the bucket truck prior to her accident. Plaintiff's husband also saw the bucket truck, testifying that unless someone had a vision problem, the bucket truck was visible to those approaching. The photographs in evidence clearly show the truck parked on the bike trail as confirmed by Plaintiff. The testimony also indicates the bucket truck was not running at the time of the accident. Plaintiff's husband successfully navigated around the bucket truck by taking a path through the grass. Plaintiff stated she chose not to get off her bike to maneuver around the truck because she was concerned that she may fall off the bike and encounter a snake. Plaintiff also testified that she was certain she didn't hit anything prior to passing out.

Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same. See **Farrell v. Circle K Stores, Inc.**, 2022-00849 (La. 3/17/23), 359 So.3d 467, 473-74. As reaffirmed by the **Farrell** court, under the duty/risk analysis a plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact-element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and (5) proof of actual damages (the damages element). **Id.** at 473. Whether there is a breach of the duty owed is a mixed question of law and fact which is assessed through application of the risk/utility balancing test which evaluates: (1) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the conditions; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. **Id.**

The utility of the complained of condition in this case was established. Defendant, Ronald Scott, was on the path removing broken limbs or dangerous trees that could fall, to make the path safe. The likelihood of harm factor includes a consideration of the open and obviousness of the condition. **Farrell**, 359 So.3d at 474. The size of the allegedly dangerous condition is relevant, and the more obvious the risk, the less likely it is to cause injury because it will be avoided. **Id**. The evidence shows this was a large bucket truck on the path, clearly visible to all who may have encountered it. Accordingly, we find the likelihood and magnitude of the harm to be minimal. While there is no specific evidence as to the cost of preventing the harm, we note that defendant was hired by St. Tammany Parish to clear debris, and there is no evidence to suggest an alternative method or the costs thereof. As to the nature of plaintiff's activity, whether riding a bicycle is or is not dangerous in nature is debatable.

After applying the risk-utility factors, we find defendants met their initial burden of pointing out the absence of factual support for the breach element of plaintiffs' claims, and plaintiffs failed to produce sufficient factual support to establish the existence of a genuine issue of material fact or that defendants are not entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is granted, and the claims asserted by plaintiffs against defendants, Shelter General Insurance Company, Bed Rock Services, LLC, and Ronald Scott, are dismissed with prejudice.

PMc
CHH

**Miller, J.**, concurs.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT